IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO.  5:03-CR-52-002 (TES) |
| **DAVID ANTOINE LUSTER** | 5:03-CR-98-001 |
| | 5:03-CR-99-001 |
| | 5:03-CR-100-001 |
| | 5:03-CR-105-001 |

## ORDER

On April 28, 2022, Luster filed a Motion Requesting Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) in each of the cases listed above. For the following reasons, the defendant's motions are **DENIED**.

Court records reflect that Luster was sentenced on April 1, 2004, in the cases listed above to a total of 535 months in the custody of the Bureau of Prisons (BOP), after pleading guilty to Bank Robbery (8 counts), in violation of 18 U.S.C. §§ 2113(a) and (d). He also pled guilty to Brandishing a Firearm During a Crime of Violence (2 counts), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(i). The original guideline range was 151 to 188 months for each docket number, based on a total offense level of 34, criminal history category I and mandatory consecutive imprisonment statutory requirements. Five-year terms of supervised release were imposed to follow imprisonment in all docket numbers.

Luster is currently serving his sentence in the Federal Bureau of Prisons and has a projected release date of May 9, 2043, via Good Conduct Time (GCT).

In his motion, Luster is requesting the Court correct an alleged error under Amendment 599 (effective 11/1/2000), contending the Court applied an improper guideline sentence with enhancement for the underlying offenses. In his motion, Luster claims that the Court incorrectly applied six-point increased offense level enhancements under USSG §§ 2B3.1(b)(2)(B) and 2K2.4(B).

The provisions of Amendment 599 went into effect on November 1, 2000, so that they applied at the time of the defendant's sentencing and were appropriately applied in this case (*see offense level computation section of Presentence Report*).

Luster's motion is without merit because the Court properly sentenced him considering the provisions of Amendment 599, USSG §2B3.1(b)(2)(B) and USSG §2K2.4. On a more fundamental level, Luster's motion fails because the Code section he moves under doesn't apply to his case at all. Specifically, since the time of the defendant's sentencing, there have been no sentencing guideline changes applicable to Luster's convictions that would allow the Court to modify Luster's various sentences under the narrow provisions of 18 U.S.C. §3582(c)(2). Thus, Luster's motions fail for both substantive and procedural reasons. For the ninth time, his motions are denied.

SO ORDERED this 23 day of May, 2022.

_____
TILMAN E. SELF, III
U.S. DISTRICT JUDGE

Prepared by: DLC